UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

RASHAAD WILLIAMS,

                                            Plaintiff,          **<u>COMPLAINT</u>**

                 -against-                                      13 Civ. 8643 (JMF)

THE CITY OF NEW YORK, DETECTIVE                                 <u>Jury Trial Demanded</u>
CHRISTOPHE MCNICHOLAS, shield # 2766,
UNDERCOVER OFFICER # 0039, POLICE OFFICERS
JOHN DOES 1-5,

                                            Defendants.

---------------------------------------------------------------------- x

## <u>PRELIMINARY STATEMENT</u>

1.      Plaintiff brings this action against the City of New York and several New

York City Police Officers of Narcotics Borough Manhattan North alleging that defendants

violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United

States Constitution and New York state law by falsely arresting him, using unreasonable force on

him, illegally strip searching him, denying him a fair trial and maliciously prosecuting him.

Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and

further relief as the court deems just and proper.

## <u>JURISDICTION & VENUE</u>

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide his New York state law claims of malicious prosecution and

vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within ninety days of the dismissal of the criminal case filed against plaintiff, more than thirty days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.  An amended notice of claim was filed on December 3, 2013.

7.      Plaintiff testified at a 50-h hearing.

8.      This action is brought within one year and ninety days of the dismissal of the criminal case filed against plaintiff.

## PARTIES

9.      Plaintiff is a resident of the State of New York, County of New York.

10.     The City of New York is a municipal corporation organized under the laws of the State of New York.

11.     The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

2

## STATEMENT OF FACTS

12.     On November 17, 2012, at approximately 5:30 p.m., plaintiff exited his apartment building located at 2170 Lexington Avenue in Manhattan to meet his girlfriend.

13.     At all relevant times, plaintiff was obeying the law.

14.     Immediately upon exiting his building, the defendants, acting in concert, arrested plaintiff without probable cause.

15.     Detective Christophe McNicholas handcuffed plaintiff excessively tight, causing pain and bruising.

16.     The defendants either refused or ignored plaintiff's requests to loosen the cuffs.

17.     Defendants placed the tightly handcuffed plaintiff in a van and drive him around for approximately one hour while they looked for other individuals to arrest.

18.     Defendants took plaintiff to precinct PSA 6.  In the precinct, defendants did not allow plaintiff to use the telephone and told him to "shut up" when he asked them what he was being charged with.

19.     At the precinct, defendants, acting in concert, illegally strip searched plaintiff by stripping him nude and ordering him to squat, bend over, spread his buttocks and cough.  Nothing illegal was found on plaintiff.

20.     While plaintiff was in custody in the precinct, Detective McNicholas, acting in concert with the other defendants, falsely charged plaintiff with sale of a controlled substance.

21.     While plaintiff was in custody in Manhattan Central Booking, Detective McNicholas, acting in concert with the other defendants, misrepresented to prosecutors that

plaintiff had sold a controlled substance. McNicholas helped create and signed a criminal court complaint charging plaintiff with sale of a controlled substance.

22.    Plaintiff was eventually arraigned in Criminal Court and the presiding judge set bail in the amount of $10,000.

23.    Plaintiff was subsequently detained in the Manhattan House of Detention until his family posted bail on or about November 22, 2012.

24.    Plaintiff was required to appear in court on numerous occasions after his arraignment and was never indicted.

25.    On July 31, 2013, the criminal case filed against plaintiff was dismissed upon motion of the prosecution.

26.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately six days and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment and humiliation.

## FIRST CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

27.    Plaintiff repeats the foregoing allegations.

28.    At all relevant times, plaintiff did not commit a crime or violation.

29.    Despite plaintiff's innocence, the defendants arrested plaintiff.

30.    Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

31.    Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

32.     Plaintiff repeats the foregoing allegations.

33.     Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and bruising.

34.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH UNDER THE FOURTH AMENDMENT)

35      Plaintiff repeats the foregoing allegations.

36.      Defendants' strip search of plaintiff was illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes, and plaintiff was not being placed in a general jail population at the time of the search.

37.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

38.     Plaintiff repeats the foregoing allegations.

39.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime.

40.     Defendants' misrepresentations deprived plaintiff of liberty.

41.     Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

5

## FIFTH CLAIM

**(MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT)**

42.     Plaintiff repeats the foregoing allegations.

43.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against him or played a role in initiating a prosecution against him.

44.     Defendants' misrepresentations deprived plaintiff of liberty.

45.     The criminal case filed against plaintiff was ultimately dismissed.

46.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## SIXTH CLAIM

**(FAILURE TO INTERVENE UNDER THE FOURTH AND SIXTH AMENDMENTS)**

47.     Plaintiff repeats the foregoing allegations.

48.     All of the officers at the scene of plaintiff's arrest had a reasonable opportunity to prevent the violation of plaintiff's constitutional rights to be free from false arrest, unreasonable force, an illegal strip search, a deprivation of a fair trial and malicious prosecution, but they failed to intervene.

49.     Accordingly, the defendants are liable to plaintiff for failing to take steps to prevent the violation of plaintiff's rights under the Fourth and Sixth Amendments.

## SEVENTH CLAIM

**(MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW)**

50.     Plaintiff repeats the foregoing allegations.

51.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against him or played a role in initiating a prosecution against him.

52.     The criminal case filed against plaintiff was ultimately dismissed.

53.     Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## EIGHTH CLAIM

## (VICARIOUS LIABILITY UNDER NEW YORK STATE LAW)

54.     Plaintiff repeats the foregoing allegations.

55.     Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

56.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

d.     Such other and further relief as the Court may deem just and proper.

DATED:        December 5, 2013

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391